## JOHN B. BOWMAN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon September 25, 1885.*

1. PLEADING—*of the declaration—in personal action to recover taxes.* In an action of debt, to recover taxes due upon lands forfeited to the State, it is essential that the declaration allege the fact, not only that the defendant was the owner of the real estate against which the delinquent taxes are charged, but also the further substantive fact that he was such owner at the time such taxes became a charge against the real estate. A failure to allege these facts affords grounds for arresting the judgment.

2. AMENDMENTS AND JEOFAILS—*defects in pleading cured after verdict.* If a declaration omits to allege any substantive fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. FRANK B. BOWMAN, for the plaintiff in error:

The declaration discloses no cause of action, and for that the judgment can not stand.

The statute which authorizes the bringing of a suit as that at bar, provides, among other things, that "the owner of property on the first day of May in any year shall be liable for the taxes of that year." This proviso by implication excludes the idea of a personal action against any person other than such owner. *Biggins* v. *People*, 96 Ill. 383.

The right to have and maintain an action under the statute is limited to such owners, and if the declaration omits to allege that the defendant was the owner on May 1, etc., it totally fails to set out a cause of action. *People* v. *Winkelman*, 95 Ill. 412; *Biggins* v. *People*, 96 id. 383; *Williams* v. *Hingham*, 4 Pick. 341.

An omission to state or disclose a cause of action in the declaration is not cured by a verdict. *Insurance Co.* v. *Bank*, 61 Ill. 482; *Coal Co.* v. *Long*, 91 id. 921; *King* v. *Sea*, 6 Bradw. 191; *Bartlett* v. *Crozier*, 17 Johns. 439; *Williams* v. *Hingham*, 4 Pick. 341.

If a declaration does not disclose a cause of action, that error may be taken advantage of on a motion in arrest, or on error. *Wilson* v. *Myrick*, 26 Ill. 35; *Haynes* v. *Lucas*, 50 id. 439; *Kipp* v. *Lichtenstein*, 79 id. 361.

Mr. GEORGE HUNT, Attorney General, and Mr. R. E. HOLDER, for the People:

Plaintiff in error in his brief makes no distinction between a declaration in which a cause of action is defectively stated, and one which discloses no cause of action.

Section 230 of the Revenue act, under which this suit was brought, does not limit the action to any particular class of persons. It is only necessary, in bringing a suit under that section, to allege that the defendant is the owner of the property taxed. This the declaration in the case at bar does. The limitation of a personal liability for taxes on real estate is contained in another section, viz., section 59, which limits the liability to the owner on the first day of May, etc.; and applying the rule of law laid down in the above case of *Williams* v. *Hingham*, we must conclude that when the plaintiff, as in the case at bar, has alleged ownership in the defendant, the *onus* is upon the defendant to plead any limitation to his liability.

In the case of *King* v. *Lea*, 6 Bradw. 191, the declaration disclosed on its face, facts which were subversive of the cause of action. In his opinion in said case, Judge McAllister says: "The principle on which such intendments, in some cases, will be regarded as curing defects in the declaration after verdict, is this: Where there is any defect, imperfection or omission in any pleading, in substance or form, which would

have been a fatal defect upon demurrer, yet if the issue joined be such as is necessarily required at the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict." 1 Chitty's Pleading, 673.

The statute on amendments and jeofails, (Rev. Stat. 1874, chap. 7, sec. 6,) provides that judgment shall not be arrested or stayed after verdict, etc., (clause 5,) for any mispleading, insufficient pleading, etc. "For the want of any allegation or averment on account of which omission a special demurrer could have been maintained." (Clause 9.)

Mr. Justice Scholfield delivered the opinion of the Court:

This is an action of debt. The declaration contains but one count, of which the following is a copy:

"For that the said defendant heretofore, to-wit, on the 15th day of December, A. D. 1879, was and still is indebted to the plaintiff in the sum of $2307.90, for and on account of divers amounts of taxes, interest, penalties and costs due and unpaid, against divers tracts, pieces, parcels and lots of land of said defendant, situated in said county, and before said day forfeited to the State of Illinois, for non-payment of said taxes, interest, penalties and costs, which said real estate, together with the amounts for which the same was forfeited, as aforesaid, is as follows, to-wit: (Here the property is described.) Wherefore, and by force of the statute in such case made and provided, an action hath accrued to the plaintiff to have and demand of and from the said defendant the said several amounts of money, the same being, in the aggregate, the said sum of $2307.90, first above mentioned; yet the defendant, though requested, hath not paid the said several sums of money, nor any nor either of them, nor any part

thereof, but fails and refuses so to do, to the damage of plaintiff of $2307.90, wherefore they sue," etc.

The defendant pleaded *nil debet.* By agreement of parties the cause was tried by the court, without the intervention of a jury. The court found that the defendant was indebted to the plaintiff in the sum of $2016.59. Motions for a new trial and in arrest of judgment were made by the defendant, and overruled by the court, and the court thereupon rendered judgment for the sum so found to be due.

The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not *implied in* or *inferable from* the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. (Gould's Pleading, chap. 10, sec. 22.) Chitty, in his work on Pleadings, (vol. 1, 7th Am. ed. 712, *713,) says: "The expression, *cured by verdict,* signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict, and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied *from the allegations in the record, by fair and reasonable intendment;* and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary," etc. It was essential to allege in the declaration the substantial fact not only that the defendant was the owner of the real estate against which the delinquent taxes are charged, but also the further substantial fact that he was such owner at the date such taxes became a charge against the real estate. *(People* v. *Winkelman,* 95 Ill. 412; *Biggins* v. *People,* 96 id. 383.) It can not be implied that the defendant was the owner of these lands at the time the taxes alleged became a charge against them, since they were

at all times liable to be transferred by alienation, pursuant to voluntary and forced sales, and, therefore, title may have many times changed since that occurred. The mere fact of ownership creates no personal liability for the taxes due on the property, by the rules of the common law; and the statutory liability can not be extended to cases beyond its plain letter and spirit. The liability imposed by statute is not because of present ownership, but because of the failure of the individual to perform a statutory duty,—that of paying taxes on property owned by him on the first day of May. *People v. Davis*, 112 Ill. 272.

We think the declaration was clearly bad, and that its defect was not cured by the verdict, and, consequently, we must hold, as we do, that the court below erred in not arresting the judgment.

The judgment below is reversed, and the cause remanded to the circuit court, with direction to that court to arrest the judgment.      *Judgment reversed.*

Mr. Justice Sheldon: The declaration was doubtless bad upon demurrer, but after pleading the general issue and consenting to go into a trial upon the merits under such a declaration, I do not think the defendant should now be heard to object to the sufficiency of the declaration, but that the verdict should be allowed to stand.