Syllabus.

---

## The Lake Shore and Michigan Southern Railway Company

*v.*

### Bridget Hessions, Admx.

516:94 Wis 8
34 LRA 50

*Filed at Ottawa June 19, 1894.*

1. Negligence—*limiting plaintiff's negligence to exact time of injury.* Where a party is injured by a moving train of cars while upon or attempting to cross railroad tracks, it is error to limit the requirement that he should be in the exercise of ordinary care, to the exact time of the injury. The question whether he exercised ordinary care in going upon the track is always necessarily implied.

2. Slight negligence is not necessarily incompatible with due and ordinary care, hence an instruction requiring the jury to believe, from the evidence, that the plaintiff's intestate was in the exercise of ordinary care for his own safety, and that injury resulted from the negligence of the defendant, is not erroneous.

3. Same—*comparative.* The doctrine of comparative negligence, as announced in the earlier cases, is no longer the law of this State. The doctrine announced in the later decisions requires as a condition to a recovery by the plaintiff, that the person injured be found in the exercise of ordinary care for his own safety, and that the injury result from the negligence of the defendant.

4. Survivorship—*action for causing death—when it arises—next of kin.* The statute giving a right of action for wrongfully causing the death of another, is exclusively for the benefit of the widow and next of kin of the deceased. The fact of survivorship of a widow or next of kin is an essential element of the cause of action, and it is therefore indispensable that it shall be alleged and proved.

5. Bill of exceptions—*incorporating in the transcript of the record.* The original bill of exceptions can not be used as a part of the transcript of the record, on appeal, without agreement of the parties.

6. Same—*stipulation to use original bill of exceptions in the transcript.* The parties to a suit filed in the office of the clerk of the circuit court, in the cause, this stipulation: "It is hereby stipulated and agreed that the original bill of exceptions, instead of a copy, may be used in making up the record in the above entitled cause:" *Held,* that the use of the original bill of exceptions was in making up the transcript of the record for the Appellate Court, and not the record of the trial court.

7. Where the parties file in the trial court a stipulation that the original bill of exceptions may be used in making up the record, and such bill is embodied in the transcript of the record, on appeal to the

Appellate Court, and the parties submit the case upon its merits, without objection to the original bill of exceptions, it was *held*, it was agreed that such bill of exceptions should be incorporated into the transcript of the record to be used on the appeal. But if it were otherwise, the appellee, by failing to object to the transcript in the Appellate Court, and submitting the cause in that court on its merits, waived the objection that the original bill, instead of a copy, was used.

150   546
113a[14]437
150   546
e215 [2]534

8. INSTRUCTION—*whether authorizing recovery on counts not proved.* An instruction that if the jury believed, from the evidence, that the plaintiff's intestate, while exercising ordinary care, was killed by the negligence of defendant, as charged in the declaration, they should find for the plaintiff, is not erroneous on the ground that the evidence did not tend to sustain one or more of the counts in the declaration.

9. APPEALS—*finding of the Appellate Court—whether shown by its opinion.* On appeal from the Appellate Court this court can not consider the opinion of that court for the purpose of showing that the judgment of affirmance of the trial court was in reality the result of its finding that there was no bill of exceptions properly in the record.

10. If the Appellate Court affirms the judgment of the trial court because of the incompleteness of the record, without a consideration and determination of the errors assigned, it should recite that fact in its final order, so as to present the question thus arising, to this court on further appeal.

11. SAME—*negligence of deceased a question of fact.* In an action by the administrator of a deceased person, against a railway company, for negligently causing the death of the intestate, the negligence of the deceased is a question of fact, settled conclusively by the judgment of the Appellate Court in affirming the judgment of the trial court.

12. SAME—*errors assignable—excessive damages.* On appeal from the Appellate Court it can not be assigned for error that the damages are excessive.

13. PLEADING—*statement of same cause of action in different counts.* It is proper for the pleader to state what is in reality the same cause of action, in several counts of his declaration, the purpose being to meet the varying phases of the evidence. When this is done, the counts are to be regarded as distinct from each other, and by apt reference, or otherwise, must state a complete cause of action.

14. SAME—*defects cured by pleading to the merits.* It is the well settled doctrine that many defects which might have been fatal on demurrer are waived and cured by pleading to the merits. After plea filed, a declaration will receive a reasonable interpretation.

15. SAME—*action for negligently causing death—survival of next of kin.* In an action on the case to recover damages for the death of the plaintiff's intestate through negligence, the pleader alleged, in each

of seven counts, the death and negligence, and at the end of the last count alleged the survival of a widow and next of kin, whose names were stated : *Held*, that in the absence of a demurrer the allegation that the plaintiff's intestate, at his death, left the persons named, his next of kin surviving, was applicable to all the counts of the declaration.

16. If the same allegation had been inserted in each count, or in one, with apt reference to that count in the others, they would have severally stated a good cause of action. It would probably have been better pleading to have alleged in the first count the survival of the widow and next of kin, as one of the essential elements constituting the cause of action, and either by repeating it, or by express reference in the subsequent counts, to have made the allegation thereof a part of each subsequent count.

17. PRACTICE—*directing what the verdict shall be.* An instruction to the jury to find for the defendant can only be given when the evidence, with all the inferences legitimately arising therefrom, is insufficient to authorize a verdict for the plaintiff. If there is any evidence tending to sustain the issues in the plaintiff's behalf, the weight and degree of credit to be given to it must be submitted to the jury.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This was an action by appellee, administratrix of the estate of James Hessions, deceased, for damages to the pecuniary support of the widow and next of kin. On October 9, 1890, James Hessions was struck by the engine of a passenger train in the control of appellant's servants, where appellant's railway tracks cross Fifty-first street, in the city of Chicago, and was instantly killed.

The declaration contains seven counts. The negligence complained of in the various counts is, first, running at a greater rate of speed than permitted by the ordinances of the city; second and third, failure to ring the bell or sound the whistle; fourth, failure to lower the gates.at the crossing upon the approach of the train; fifth, failure to place a flagman at the crossing, etc.; sixth, employment of incompetent employes; seventh, negligently, carelessly and improperly managing and driving its engine and cars at a high rate of

speed, failing to keep proper lookout for persons about to cross
its tracks, failure to give such signals as would apprise such
persons, exercising due care and caution, of the approach of
the locomotive and train, and failing to stop the locomotive
so as to prevent injury to the deceased.

The general issue was pleaded, a trial had by jury, resulting
in a verdict for the plaintiff for $5000, and judgment entered
for the amount. On appeal to the Appellate Court this judg-
ment was affirmed, and the defendant railway company ap-
peals.

Messrs. Gardner & McFadon, and Mr. Pliny B. Smith, for
the appellant:

Upon the admitted evidence the deceased was not in the
exercise of due care, and consequently the verdict should have
been for the defendant. *Railroad Co.* v. *Fitzsimmons*, 40 Ill.
App. 361.

A person who attempts to cross a railroad track in advance
of an approaching train, and miscalculates his ability to do
so in safety, can not recover for a resulting injury. *Railroad
Co.* v. *Fears*, 53 Ill. 115; *Bellefountaine* v. *Hunter*, 33 Ind.
335; *Railroad Co.* v. *Bell*, 70 Ill. 102; *Railroad Co.* v. *Hous-
ton*, 95 U. S. 697.

The first instruction for the plaintiff is bad, in allowing the
jury to consider several counts of the declaration as to which
there was clearly no evidence whatever. *Railroad Co.* v. *Ben-
ton*, 69 Ill. 174.

The instruction is also bad because it allows a recovery if
deceased was killed while exercising ordinary care to avoid
injury. An instruction, in such case, which limits the exercise
of ordinary care to the moment of the injury, is bad. *Rail-
road Co.* v. *Roberts*, 44 Ill. App. 180; *Railway Co.* v. *Halsey*,
133 Ill. 248; *Railroad Co.* v. *Weldon*, 52 id. 290.

In so limiting the exercise of due care, plaintiff was allowed
to recover on a showing of due care on the part of deceased

much narrower than the allegations of the declaration in that regard.

Instruction No. 3 is the instruction of comparative negligence, and has no application in this case, because the plaintiff can not be said to have been in the exercise of ordinary care, considering the evidence as to the mode of injury. *Railroad Co.* v. *Johnson*, 103 Ill. 512.

The same instruction is also bad in allowing a recovery if defendant was negligent, without restricting the negligence to be considered by the jury to that alleged in the declaration. *Kranz* v. *Thieben*, 15 Bradw. 482; *Railroad Co.* v. *Mock*, 72 Ill. 141.

The same instruction is bad in not extending the time for the exercise of ordinary care and caution on the part of deceased to the whole act of crossing the sidewalk.

The fourth instruction for appellee is bad, first, because it confines the exercise of ordinary care on the part of the deceased to the time of his injury; second, because it admits of a finding of guilty under certain count or counts of the declaration as to which there is no negligence; third, because the latter half of the instruction allows a recovery on the negligence of the defendant, without restricting such negligence to that alleged in the declaration. *Kranz* v. *Thieben, supra.*

The court should have given the instruction asked by the defendant, marked 20, telling the jury to find for the defendant.

The court should have given the eighteenth instruction asked for by appellant, namely, that there was no averment in either of the first six counts of plaintiff's declaration that the deceased left a widow and next of kin, and for that omission there could be no recovery against defendant in either one of the first six counts in the declaration of the case. *Coal Co.* v. *Hood*, 77 Ill. 70; *Railroad Co.* v. *Morris*, 26 id. 403; 1 Chitty's Pl. *412.

The instruction marked 22, for the appellant, should have been given. The declaration clearly charges that the deceased

was hurt by being struck by an engine of appellant.   If the accident was occasioned by the deceased running into the clyinder of the engine and striking the engine on its side, then there was a fatal variance between the allegations of the declaration as to the mode of the occurrence of the injury, and the proofs.   *Railway Co.* v. *Beam,* 11 Bradw. 215 ; *Railroad Co.* v. *Mockenstein,* 24 Ill. App. 131 ; *Bloomington* v. *Goodrich,* 88 Ill. 558 ; *Moss* v. *Johnson,* 22 id. 633.

Instruction marked 23, for appellant, should also have been given.

Messrs. Case, Hogan & Case, and Mr. F. A. Mitchell, for the appellee :

The stipulation referred to in the opinion of the Appellate Court can not be construed by this court without any oral evidence to contradict or vary the same, as being or intending anything different than therein set forth.   In addition to the opinion of the Appellate Court upon this point, we cite in support of this motion, the cases of *Zielinski* v. *Remus,* 46 Ill. App. 596, and *Wilson* v. *Wilson,* 44 id. 209.

The plaintiff's first instruction was good.   *Railroad Co.* v. *Payne,* 59 Ill. 534.

The words "at the time of the accident," found in an instruction, have relation to the entire transaction under examination.   *Railroad Co.* v. *Fisher,* 141 Ill. 625 ; *Railway Co.* v. *Johnson,* 135 id. 641; *McNulta* v. *Lockridge,* 137 id. 270 ; *Railroad Co.* v. *Versten,* 41 Ill. App. 348.

Mr. Justice Shope delivered the opinion of the Court :

Appellee, in this court, moves to dismiss the appeal upon the ground that there is in the record no proper bill of exceptions.   There is in this record what purports to be a bill of exceptions, properly certified by the trial judge to contain all the evidence offered or admitted upon the trial of the cause, by either party.   The particular objection is, that it is the

original bill of exceptions.  The statute (3 Starr & Curtis, 628,) provides that the parties to an appeal or writ of error may, by agreement, have the original bill of exceptions or certificate of evidence, instead of a copy thereof, incorporated in the transcript of the record made by the clerk of the court below, to be filed in the Appellate or Supreme Court upon such appeal or writ of error.  Unquestionably, the original bill of exceptions can be used as part of the transcript of the record only upon agreement of the parties.

There was filed in the office of the clerk of the circuit court, entitled in that court and in the cause, the following stipulalation :  "It is hereby stipulated and agreed that the original bill of exceptions, instead of a copy, may be used in making up the record in the above entitled cause," which was duly signed by the attorneys of record of the respective parties. It is now said that the "record" does not come to the Appellate Court, and that as the parties did not stipulate that it should be used in making up the "transcript of the record," it is to be presumed that the stipulation referred to making up the record in the circuit court.  The parties had nothing to do with making the record in the circuit court.  The clerk of that court must necessarily file the original bill of exceptions and make it a part of the record in that court, and was not authorized to make a copy thereof a part of such record. It is therefore impossible that the parties could have referred to making up the record of the circuit court.  An appeal from that court to the Appellate Court had been prayed and allowed, and it would seem too plain for serious contention that the agreement related to the transcript of the record to be made up on such appeal.  Moreover, the parties themselves gave a construction to the agreement.  The clerk appends his certificate to the transcript of record in the usual form, except stating that the original bill of exceptions is incorporated therein by stipulation of the parties.  But for the stipulation and this statement in the certificate it could not be told

that an original, instead of a copy, had been used. In the Appellate Court the parties respectively submitted the case to that court without objection to the record, to be heard upon the errors assigned, all of which go to the merits. The record of that court, filed in this, shows no motion by appellee, or suggestion, that the record was not in every respect perfect and complete. The agreement is to be construed reasonably, and so as to give effect to the intention of the parties in making it.

It seems clear, in the light of the circumstances under which the agreement was made and the subsequent conduct of the parties, that it was agreed and understood that the original bill of exceptions should be incorporated in the transcript of the record to be used on said appeal, and was properly so incorporated under the stipulation. But if it was otherwise, parties will not be permitted·to trifle with the courts, by submitting their case upon the merits in the Appellate Court, and upon further appeal insisting upon mere technical objections, not going to the jurisdiction of the court, which might have availed if interposed in apt·time. The objection must, in any event, on this appeal, be held to have been waived by the submission of the cause in the Appellate Court.

All questions of fact are to be regarded as settled adversely to appellant by the judgment of the Appellate Court, to which we can alone look for determining the grounds for its rendition. Counsel for appellant insist, that, by looking at the opinion of that court, it will appear that the judgment of affirmance was really the result of its holding that there was no bill of exceptions properly in the record. We are not permitted to consider the opinion for that purpose, but if we were, the position of counsel is not sustained. The opinion holds, that the judgment should be affirmed upon the merits. Had that court, as suggested by counsel, affirmed the judgment because of incompleteness of the record, without a consideration or determination of the errors assigned, it would undoubtedly have recited that fact in its final order, so as to

present the question, thus arising, to this court, on further appeal. That court is the ultimate trier of questions of fact, and parties have a right to its judgment upon the law and facts, in every case properly presented. In the event that court should affirm a judgment without considering the questions of fact tried in the court below, because of some defect in the record, by reason of which the errors assigned are not properly presented, it is clearly its duty to insert in its final order its finding, in such manner that its action may be the subject of review, otherwise, in a case in which it should be in error, the parties would be deprived of the benefit of its consideration and judgment upon the errors assigned upon the record. It is to be presumed that they would, in every proper case, discharge that duty.

The only questions arising upon the record, in this court, are questions of law.

It is first insisted that the facts show that the deceased was not in the exercise of due and ordinary care for his own safety. This argument was addressed to the Appellate Court, was proper for its consideration, and its determination of the fact is conclusive upon us.

It is next urged that the court erred in giving the first instruction asked on behalf of the plaintiff. The instruction was as follows:

"The court instructs the jury, that if they believe, from the evidence, that the plaintiff's intestate, while exercising ordinary care to avoid injury, was killed by the negligence of defendant, as charged in the declaration, then you can find for the plaintiff."

It is objected, that thereby the jury were left to consider the case, as charged in the declaration, while there was no evidence before the jury to prove the negligence alleged in one or more of the counts thereof. It is hardly to be supposed that the jury would understand the instruction to authorize them to consider negligence charged in the counts of the

declaration, not proved.  They were to believe, from the evidence, that the intestate was killed by the negligence of the defendant, as charged, and were expressly told, in very many instructions, that they must form their judgment from the evidence.  Moreover, by the instructions given on behalf of the defendant, the jury were told that there could be no recovery under the first and sixth counts of the plaintiff's declaration.

It is also urged that the instruction is faulty because it tells the jury that if the deceased was in the exercise of ordinary care, at the time, etc., to avoid injury, that will suffice, instead of requiring that they should find that he was in the exercise of ordinary care in entering upon the railroad tracks, etc.  The instruction, we think, is not subject to the criticism. (*Chicago and Alton Railroad Co.* v. *Fisher*, 141 Ill. 625; *Railroad Co.* v. *Johnson*, 135 id. 641; *McNulty* v. *Lockridge*, 137 id. 270.)  Be this as it may, in the fourth and fifth instructions on behalf of the defendant the correct rule was given, and they were told that, to entitle the plaintiff to recover, the jury must believe, from a preponderance of the evidence, that the deceased, at the time of and just prior to his receiving the injury, was in the exercise of due and ordinary care for his safety.  In cases of this kind, where the party injured has been struck by a moving train while upon or attempting to cross railway tracks, it has been repeatedly held to be error to limit the requirement that he should be in the exercise of ordinary care, to the exact time of the injury.  (*Illinois Central Railroad Co.* v. *Weldon*, 52 Ill. 290; *Chicago, Milwaukee and St. Paul Railroad Co.* v. *Halsey*, 133 id. 248.)  The question of whether he exercised ordinary care in going upon the track is always necessarily involved.  But in view of the instructions given, the first general and the others specific, as to what should be considered, the jury could not have been misled.

The objection to the third instruction is not well taken, for the reason that it requires the jury to believe, from the evidence, that plaintiff's intestate was in the exercise of ordinary

care for his own safety, and that the injury resulted from the negligence of the defendant.   Slight negligence is not necessarily incompatible with due and ordinary care, and the effect of the instruction was to so inform the jury; and while the instruction attempts to state the doctrine of comparative negligence laid down in *Galena and Chicago Union Railroad Co.* v. *Jacobs,* 20 Ill. 478, and subsequent cases following that decision, it does not vitiate the instruction.   We have repeatedly held, in effect, in the later decisions, beginning with *Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358, that the doctrine of comparative negligence, as announced in the earlier · cases, was no longer the law of this State, and it is to be no longer regarded as a correct rule of law applicable in cases of this character.   (*Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *Mansfield* v. *Moore,* 124 id. 133.)   The doctrine announced in the later decisions, as applied to this class of cases, requires, as a condition to recovery by the plaintiff, that the person injured be found to be in the exercise of ordinary care for his own safety, and that the injury resulted from the negligence of the defendant.

It is next insisted that the fourth instruction is faulty for the same reasons that are assigned as to the first and third instructions, and precisely the same answer is applicable to this objection.

It is insisted that the court erred in refusing instructions marked 18, 20, 21 and 22, asked by appellant.   The eighteenth instruction asked, stated that there was no averment in either of the first six counts of plaintiff's declaration, that the deceased, James Hessions, left a widow and next of kin, and that there could, therefore, be no recovery under either of said counts.   The right of action is here given by the statute for the exclusive benefit of the widow and next of kin.   It is the settled law that the fact of survivorship of a widow or next of kin is an essential element of the cause of action, and it is therefore indispensable that it should be alleged and proved.

*(Chicago, Rock Island and Pacific Railway Co.* v. *Morris,* 26 Ill. 400; *Quincy Coal Co.* v. *Hood,* 77 id. 68; *Safford* v. *Drew,* 3 Duer, 627.) It is entirely proper for the pleader to state what is in reality the same cause of action, in several counts of the declaration, the purpose being to meet the varying phases of the evidence; but, where this is done, the counts are to be regarded as distinct from each other, and, by apt reference, or otherwise, must state a complete cause of action. (1 Chitty's Pl. 413.) It would seem to follow, necessarily, that the first six counts, standing independently of other averments in the declaration, were bad on general demurrer. The defendant, however, instead of demurring, pleaded to the declaration and submitted the cause for trial upon the issues thus formed. The several counts of the declaration, from the first to and including the seventh, each count upon the injury to plaintiff's intestate while in the exercise of ordinary care for his own safety, by being struck by a locomotive engine of appellant, from which he died, setting up in the various counts different acts of negligence or omissions of duty of the defendant, the failure to give proper signals, failure to close the gates across approaches to its tracks upon which intestate was walking, etc., running the train at a high and unlawful rate of speed, failure to stop the train, etc., and alleging, that by reason of the negligence of the defendant, plaintiff's intestate, while in the exercise of due and ordinary care, was struck by the engine of defendant and killed. At the end of the declaration it is then alleged that the deceased left him surviving, at his death, plaintiff, his widow, and Maggie, Julia A. and Nellie Hessions, his daughters, and James Hessions, Jr., his son, who were next of kin. Profert of letters of administration to plaintiff is then made in the usual form, immediately preceding the conclusion, to the damage of plaintiff as administratrix, etc. (1 Chitty's Pl. 420.) The matter here alleged was common to all the counts in the declaration, and the pleader, instead of alleging the fact of survival of next of kin in each

count, alleged that fact in apt language at the conclusion of the counts. It is unnecessary for us to determine what would have been the effect on demurrer. It is the settled doctrine, that many defects which might have been fatal on demurrer, are waived and cured by pleading over. *United States* v. *Morris*, 10 Wheat. 286; 1 Chitty Pl. 671, *et seq.*

The defect, here, is in the manner of pleading, and not in matter of substance, for, confessedly, if the same allegation had been inserted in each count, or in one, with apt reference to that count in the others, they would have severally stated a good cause of action. As already seen, the fact that plaintiff's intestate left him surviving next of kin was an essential element, which must be alleged and proved, to entitle plaintiff to recover. The pleader alleged in each count, the death and the negligence from which it resulted, and sought by the general allegation following all the counts, to supply the allegation of survival of next of kin. While the intendments that are indulged after verdict do not apply, yet the rule seems to be that after plea pleaded, the declaration will receive a reasonable construction. Broom's Law Maxims, (5th Am. ed.) *535. It is manifest that the allegation that the plaintiff's intestate, "at his death," left the persons named his next of kin surviving, is applicable to all the counts of the declaration. There is no ambiguity or uncertainty in the allegation of the fact that "at his death" he left next of kin for whose benefit the action would accrue, whether his death resulted from the negligence charged in one count or in another. This allegation no more applies to his death because of the negligence charged in the seventh count, than it does to his death if resulting as alleged in the preceding counts. No language is employed restricting the allegation to the seventh count, and nothing is urged except that it follows immediately thereafter.

It would have been better pleading, probably, to allege in the first count the survival of the widow and next of kin as

one of the essential elements constituting the cause of action, and either by repeating it, or by express reference in the subsequent counts, have made the allegation thereof in the first a part of each subsequent count. But where the death is alleged in each count, and the declaration contains the general allegation of the survival of next of kin, which, if proved, must exist as a fact at the time of death thus alleged, no reason is perceived why the general allegation should not be held to apply to each count, as if specifically incorporated in it. The defendant was thereby fully apprised of the cause of action, and could not be surprised by proof of the existence and survival of next of kin at the time of the death alleged.

We are of opinion that the court correctly refused the instruction under consideration. But if this position is not sustained, it is apparent that appellant was not prejudiced by the refusal of the instruction, for the reason that the seventh count contained, in substance, the allegations of negligence specifically charged in the other six, and it is admittedly sufficient to support the recovery.

It is urged that the court erred in refusing to give the instruction marked 20, which was simply to find for the defendant. This instruction can only be given when the evidence, with all the inferences legitimately arising thereon, is insufficient to authorize a verdict for the plaintiff. If there is any evidence tending to sustain the issues in plaintiff's behalf, the weight and degree of credit to be given to it must be submitted to the jury. (*Phillips* v. *Dickerson*, 85 Ill. 11; *Purdy* v. *Hall,* 134 id. 298; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242.) It is insisted that the instruction should have been given, at least for the reason that the deceased was guilty of contributory negligence, and was not in the exercise of ordinary care for his own safety. The only question that can arise in this court is, whether there was any evidence tending, or the circumstances shown were such as tended, to establish a right of recovery. A discussion of the evidence will serve no purpose.

We have carefully examined it, and while the case is somewhat close, we are unable to say that the circumstances proved were not such as tended to establish negligence on the part of the defendant, or that there was no evidence tending to show that plaintiff's intestate, at and just prior to his injury, was in the exercise of such care for his own safety as would be exercised by a reasonably prudent person under all the circumstances shown.

The twenty-first, twenty-second and twenty-third instructions, so far as proper to be given, are fully covered by instructions given at the instance of appellant, and it was not error for the court to refuse them, for that reason, if for no other.

It is next insisted that the damages were excessive. That has been so repeatedly held to be an error which can not be assigned in this court, no citation of authority will be necessary.

Finding no substantial error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*