## City of Jackson v. Moody.

(Decided November 23, 1917.)

### Appeal from Breathitt Circuit Court.

1.  Pleading—Extent of Recovery.—The petition of the plaintiff stated a cause of action, and when taken for confessed, left only a question of fact remaining, namely: The extent of the injury and the amount to be awarded plantiff.

2.  Pleading—True and Confessed—Answer.—After a petition is taken for true and confessed the defendant is not entitled to file an answer unless the order taking the petition for true and confessed be set aside or vacated.

3.  Trial—Motion for Peremptory Instruction—Effect.—A motion for a peremptory instruction made at the conclusion of all the evidence is not only a demurrer to the evidence, but will search the entire record, and it is incumbent upon the court to give judgment for the party whom the pleadings entitle thereto, if his at-

tention be called to the state of the pleadings, but ordinarily such motion will be treated as a demurrer to the evidence only, especially when the mover deftly conceals from the court the omission to plead or defect therein.

4.  Appeal and Error—Bill of Exceptions—Improperly Signed.—A bill of exceptions not properly signed, approved and filed, will be stricken from the record upon motion.

5.  Appeal and Error—Absence of Bill of Exceptions.—Where there is no bill of exceptions, the only question to be considered is, the sufficiency of the pleadings to support the verdict and judgment.

A. F. BYRD and CHESTER BACH for appellant.

R. C. MUSICK and O. H. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellant, City of Jackson, is a town of the sixth class. The appellee, Mrs. Margaret Moody, was injured by falling through a board sidewalk in the city of Jackson, on November 10, 1908, and to recover damages for the injuries which she sustained, she instituted this action against the city.

It is admitted that the street and sidewalk upon which appellee, Mrs. Moody, was injured, was under the supervision and control of appellant city, and that the city was obliged to maintain the sidewalk in a reasonably safe condition. A general demurrer to the petition was filed, which was overruled; thereupon, the city filed a motion to require appellee to make her petition more definite and certain. This motion does not appear to have been ruled upon. Some time afterwards the appellee, Mrs. Moody, entered a motion to take the petition for true and confessed. On the fourth day after entering the said motion and at the same term of court an order was entered adjudging the petition confessed. About ten (10) days thereafter the defendant city filed an answer, in which it traversed, in part, the allegations of the petition. But no motion was made to set aside or vacate the order taking the petition for confessed. At a subsequent term an amended answer was filed, which more completely traverses the allegations of the petition, and contains an affirmative plea of contributory negligence. No reply was filed, but on the day of the trial of the action in the lower court, an order was entered in the following words:

"By agreement of the parties the affirmative matter contained in the amended reply filed herein, April 1, 1914, is traversed of record."

There was neither a reply nor an amended reply filed, but there was an amended answer, but this was not filed upon April 1st, as indicated by the order above quoted, but was filed on April 3rd, the first day of a special term of court.

At the conclusion of the evidence for plaintiff, defendant below entered its motion for peremptory instruction to the jury to find and return a verdict in its favor. This was overruled, but again entered at the conclusion of all the evidence, and was again overruled and proper exceptions saved in each instance. No instructions were offered by either side and the court gave instructions which fairly present the law of the case.

There are a number of preliminary motions, among them one to dismiss the appeal for want of schedule; another to strike the bill of exceptions, because not signed by the judge who presided at the trial; and a third, to strike the bill of evidence because not properly certified, and these have been passed to the merits. A motion was also entered by appellant to be allowed to withdraw the transcript of record so that the bill of exceptions might be signed by the judge who presided at the trial, and this motion was sustained; another motion by appellant sought an opportunity to file a supplemental transcript. This motion was passed to the merits.

Upon a trial before a jury, in the lower court, appellee, Mrs. Moody, was awarded damages in the sum of fifteen hundred ($1,500.00) dollars against the city for her injuries. The defective sidewalk of which appellee complains was located upon the street on which she lived, at a point almost opposite her house. This street was about twenty-five feet wide and appears to have been frequently used by appellee. The sidewalk was made of boards and was from three to five feet above the ground, at the place where appellee fell. According to the evidence, the walk had been out of repair for several months. In fact, some of the neighbors had repaired it on different occasions at their own expense. The attention of the town authorities had been specifically called to the defective condition repeatedly. On the occasion of her injury, Mrs. Moody was returning from the house of a neighbor late in the afternoon and stepped upon a board, which being displaced, gave way and she fell through the walk some four or five feet, injuring her severely in different parts of her body, from which she suffered for several months. From the nature of the injuries the amount of recovery

cannot be said to be excessive, and is not seriously complained of in this wise.

The city, however, insists that its motion for a peremptory instruction should have been sustained; if not at the conclusion of the plaintiff's evidence, then at the conclusion of all the evidence, because its plea of contributory negligence contained in its amended answer was not traversed, and, therefore, was confessed. Mrs, Moody, however, insists that the affirmative allegations of the amended answer were controverted of record by agreement of the parties as shown by the order referred to above. But this order controverts the affirmative allegations of the *amended reply* instead of the *amended answer,* and the pleading to which it relates is designated as having been filed on April 1st, when no pleading in the record was so filed. Undoubtedly, the appellant city was entitled to have its motion for a peremptory instruction in its favor sustained if the allegations of the amended answer were not controverted either by reply or by agreement of the parties of record, provided, of course, that the attention of the court was called to the state of the pleadings upon that motion. The city did not enter a motion for judgment notwithstanding the verdict, nor did it at any time during the trial, or upon the filing of its motion for a new trial, make the point that plaintiff had failed to controvert its plea of contributory negligence. This failure to raise such point is asserted by Mrs. Moody to amount to an admission that the pleading had been contraverted by agreement of the parties, because that point was not made until the case came to this court.

The general rule seems to be that where an affirmative plea of contributory negligence is contained in an answer or amended answer, it must be controverted either by plea or by agreement of the parties, and if not, is confessed. But where the motion for peremptory instruction is made at the conclusion of the evidence and is intended as a demurrer thereto, and the attention of the court is not called to the fact that the pleadings are defective, or that an affirmative plea has not been controverted, the better rule seems to be that the party making the motion and who so deftly conceals from the court and opposing counsel the fact that an affirmative plea has not been traversed, should be treated as demurring to the evidence only. While it is true that it is the duty of the court to sustain the motion for peremptory instruction and give judgment for the party whom the plead-

ings entitle thereto, though there may have been a verdict against him, his counsel making such motion should not be permitted to withhold from the attention of the court the defect in the pleading, and thus necessitate a new trial or a judgment, notwithstanding the verdict. In many instances the failure to traverse a pleading is mere oversight on the part of counsel, who, if their attention should be called to it, would immediately cure the defect, and thus save needless expense both in time and money. With this, however, we are not deeply concerned in this case, because we are persuaded that the order entered at the commencement of the trial controverting the affirmative allegations of the *amended reply* had reference to the amended answer, and that such an agreement was had between the parties to the action. This being true, the defendant city was put to proof of its affirmative allegations in its plea of contributory negligence.

There is, however, a much more serious question to the appellant city than the one above considered, and that is the fact that previous to the filing of the answer by defendant the petition of plaintiff was taken for true and confessed. This order was duly entered, as it appears, on the 28th day of May, 1910, and the answer was not offered to be filed until the 10th of June, 1910. The order adjudging the petition true and confessed was never set aside, vacated or annulled, but is in full force and effect. With this state of record the appellant city was not entitled to file its answer or amended answer, but being permitted to do so, it obtained an advantage to which it was not entitled. After the petition was taken for true and the order entered adjudging it to be confessed, the only remaining question for determination was one of fact, which related to the extent of the injury of plaintiff and the sum to be awarded her.

A motion made by appellee to strike the bill of exceptions because it was not signed by the judge who presided at the trial. From the record we learn that the trial was had before Judge Hugh Riddell, then the regular judge of that district, but his term expired and he went out of office before the bill of exceptions was prepared and settled, and Judge James P. Adams was elected in his place. A bystander's bill might have been prepared and filed, but this was not done. The alleged bill of exceptions accompanying the record is in fact no bill at all and the motion to strike it must be sustained. In the case of City of Pikeville v. Dils, 175 Ky. 697, this court, in passing upon a similar question, said:

"Appellees have made a motion to strike the bill of exceptions from the record, upon the ground that it was not signed by the judge who tried the case. The record shows that the case was tried in November, 1915, by Judge Roberson, who was, at that time, the regular circuit judge for that judicial district. The motion for a new trial was overruled in November, 1915, and time was given the appellant until the 20th day of February, 1916, term, to make and file a bill of exceptions. In the meantime, Judge Butler had, in January, 1916, succeeded Judge Roberson as the judge of that court; and, when the bill of exceptions was presented in February, 1916, it was approved and signed by both Judge Butler and Judge Roberson. This, however, did not satisfy the statute, since neither of them, except by consent, had the right to sign the bill of exceptions. Where the judge who tried the case has ceased to hold office before the bill of exceptions is filed, the only course for the litigant is to make a bystander's bill. Sandy Valley & Elkhorn Co. v. Moore, 175 Ky. 163; Combs v. Combs, 175 Ky. 523. The motion to strike the bill of exceptions from the record is sustained."

With the bill of exceptions out, only one question remains, and that is, whether the pleadings support the verdict and judgment. In the case of City of Pikeville v. Dils, *supra,* it was held:

"There being no bill of exceptions in the record, the only question to be determined is, whether the pleadings sustain the judgment. Martin v. Richardson, 94 Ky. 183; Campbell v. Campbell, 130 Ky. 714; Clark v. Wallace Oil Company, 155 Ky. 838; Tyler v. Woerner, 158 Ky. 711. The pleadings in the record undoubtedly sustain the verdict."

In the recent case of Aud v. McAvoy, 177 Ky. 380, it is held that in the absence of a bill of exceptions giving the evidence and the instructions of the court to the jury, it will be presumed that the case was tried upon its merits; that no evidence was *admitted* over the appellant's objection; and that he offered none that was excluded; that he asked no instruction that was refused, and objected to none that was given; and that the evidence supports the verdict. The petition in this case sufficiently supports the verdict and judgment. It follows, therefore, that the judgment of the lower court must be affirmed.