# City of Pineville v. Asher.

Sept. 23, 1941.

James S. Wilson for appellant.

R. S. Rose and D. M. Bingham for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellee, Mrs. L. T. Asher, brought this action against the City of Pineville to recover damages for injuries which she alleged she sustained when the heel of one of her shoes caught in a depression in a city sidewalk. She charged that the accident happened as a result of negligence on the part of the City and through no fault of her own. The City denied the allegations of the petition in the first paragraph of its answer and set up a plea of contributory negligence in the second paragraph. The plea of contributory negligence was not denied or controverted of record. The City's motions for a peremptory instruction at the conclusion of Mrs. Asher's evidence and at the conclusion of all the evidence were overruled. The trial resulted in a judgment for $500 in favor of Mrs. Asher. This appeal is being prosecuted from that judgment.

The grounds urged for reversal are: (1) The trial court erred in overruling the City's motion for a peremptory instruction because the plea of contributory negligence was not denied or controverted of record; and (2) it was not actionable negligence on the part of the City to permit the depression to remain in the sidewalk.

Being of the opinion that reversible error was committed by the trial judge as complained of in ground one, it is unnecessary to discuss ground two and we reserve an expression of opinion thereon. The case of Short v. Robinson, 280 Ky. 707, 134 S. W. (2d) 594, is controlling here. An examination of the record in that case discloses a situation substantially the same as the one presented here. Counsel for Mrs. Asher cite the case of City of Jackson v. Moody, 177 Ky. 844, 198 S. W. 233, 235, wherein it was said that, while it is the duty of the court to sustain a motion for a peremptory instruction where there has been a failure to controvert a plea of contributory negligence and to give judgment for the party entitled to it under the pleadings, counsel making such motion should not be permitted to withhold from the attention of the court the defect in the pleading, thus necessitating a new trial or a judgment, notwithstanding the verdict. It was indicated in that case that such a motion should be treated as a demurrer to the evidence only; but the Court went on to say:

"* * * With this, however, we are not deeply concerned in this case, because we are persuaded that the order entered at the commencement of the trial controverting the affirmative allegations of the *amended reply* had reference to the amended answer, and that such an agreement was had between the parties to the action. This being true, the defendant city was put to proof of its affirmative allegations in its plea of contributory negligence."

In the case of Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980, it was pointed out that the part of the Moody opinion relied upon by Mrs. Asher was purely dictum, since, as indicated by the foregoing quotation, it was based on another ground.

In the case of Short v. Robinson, supra [280 Ky. 707, 134 S. W. (2d) 596], it was pointed out that, since the ruling in the case of Louisville & Nashville R. Co. v. Copas, 95 Ky. 460, 26 S. W. 179, 16 Ky. Law Rep. 14, "* * * it has been uniformly held that an undenied plea of contributory negligence will be taken as true, that a motion for a peremptory instruction should be sustained on that ground, and that the failure to controvert this plea will not be deemed to have been waived. It does not matter that the defendant introduced evidence to show that the plaintiff was guilty of contributory negligence or that the jury was instructed on that point. [Cit-

ing cases.]'' See also Louisville & N. R. Co. v. Paynter, 82 S. W. 412, 26 Ky. Law Rep. 761; Newman's Pleading & Practice, vol. 1, Third Edition, p. 654.

Judgment reversed with directions that it be set aside and for proceedings consistent with this opinion.