## City of Rock Falls v. Maggie Wells.

1. CARE AND NEGLIGENCE—*Debatable Question.*—Matters of care and negligence are debatable questions, and it is essential to a just conclusion by the jury that only such evidence as legally tends to prove or disprove the cause of action should be admitted, and that the rules of law upon the subject should be correctly given them by the court.

2. SAME—*Evidence of Condition of Railroad Track to be Confined to the Time of the Accident.*—In an action against a municipal corporation for negligence in allowing a railway track to obstruct a street, it is error to admit evidence showing that the city attorney was instructed eleven months before an accident to notify the company to remove its tracks within the next thirty days, and if not removed, to be declared a nuisance, and that the city would remove the same at the expense of the company, as it has no relation to the condition of the street, as to whether it was suitable or unsuitable for public travel at the time of the accident, or at any other time.

3. MUNICIPAL CORPORATIONS—*Presumption that its Streets are in Good Condition.*—All people have the right to use public streets, but if they are familiar. with their condition, they can not assume that it is good, and act upon such assumption, when such is not the case.

4. COMPARATIVE NEGLIGENCE—*Error to Instruct upon the Doctrine of.*—The doctrine of comparative negligence is no longer the law of this State and it is error to instruct the jury upon it in actions for injuries resulting from negligence.

5. INSTRUCTIONS—*As to What Facts Constitute Negligence.*—An instruction which states as a rule of law what facts constitute a negligent exposure to injury, is bad.

6. SAME—*Negligence and Accident.*—In an action for personal injuries, an instruction directing the jury in case they found the plaintiff was injured and that her injury was the combined result of an accident and a defect in a street, and that in order to entitle her to recover they must further find that she was guilty of no fault or negligence, and that the accident was one which common and ordinary prudence and sagacity could not have avoided, is properly refused.

7. SAME—*Degrees of Negligence.*—An instruction at the instance of the defendant which states that the plaintiff can not recover unless the defect (in the street) would not have existed but for the gross negligence of the defendant, is erroneous as requiring the plaintiff to prove a greater degree of negligence than the law requires.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

J. W. WHITE and H. L. SHELDON, attorneys for appellant.

J. E. McPHERRAN, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

North street in the city of Rock Falls runs east and west. On December 12, 1893, the track of a street railway was located in the center of that street, and appellee was driving eastward in a cutter on the south side of the track with her younger sister, when she saw a horse and buggy coming toward them from the east without a driver. She got out of the cutter, went to the head of her horse, and struck the other horse with her whip as he came up to her, and he turned aside, missing her horse and cutter entirely, but her leg was broken, probably by the wheel of the buggy striking her in passing. For the damages resulting from the injury so occasioned she brought this suit against appellant, and charged it with liability for the injury on the alleged ground that it had suffered the railway track to remain exposed and elevated above the rest of the street so that she could not drive the cutter out of the path of the runaway horse. There was a trial of that question, and the jury re-

turned a verdict for $2,100 damages, on which judgment was entered.

The street had been graded by scraping the earth from the sides toward the center so as to make a ditch on the south side of the roadway on which plaintiff was driving, and making a slope to the lowest part of the ditch. The width from the south rail of the track to the gutter was proved to be twenty-five feet, and the distance from the rail to the pole on that side sustaining the trolley wires was twenty-one feet. Plaintiff stopped about thirty-five feet west of an alley, sixteen feet wide, intersecting the street. According to plaintiff's account she turned her horse to the left when she saw the horse and buggy coming, and attempted to cross the railway track, but the runner grated and stuck fast and she did not succeed in getting over, and then she got out to ward off a collision. Her sister scarcely knew what transpired except that she heard the runner grate as if it was against the track, and the cutter seemed to be fast. The evidence for the defense was that neither the horse nor cutter were on the railway track, and that when plaintiff was put into the cutter after the accident the horse moved on without any difficulty. There was also a conflict in the evidence as to how high the railway track was elevated above the street and to what extent it formed an obstruction against crossing it.

These questions were presented to the jury as well as the question whether plaintiff was in the exercise of ordinary care for her own safety in attempting to cross the track and not driving to the south side of the street along the gutter or into the adjoining alley, and in not seeking safety for herself and sister by their leaving the cutter and getting out of the way rather than expose herself to personal danger in the path of a runaway horse to protect her horse and cutter from injury. These questions were fairly debatable, and it was essential to a just conclusion by the jury that only such evidence as legally tended to prove or disprove the cause of action should be admitted, and that the rules of law concerning care and negligence which they should apply to such

evidence should be correctly given to them. It is claimed that there was prejudicial error in each of these particulars.

Plaintiff was permitted to prove that the city council of defendant instructed the city clerk to notify the railway company to appear before them January 18, 1893, and show cause why the ordinance granting it right of way should not be repealed, and that on said date, which was eleven months before the accident, said ordinance was repealed, and also that on May 1, 1893, the city attorney was directed to notify Howland & Ellis to remove the tracks within the next thirty days, and if not removed to be declared a nuisance, and that the city would remove the same at the expense of the railway company. This evidence had no relation to the condition of the street or to the question whether it was suitable or unsuitable for public travel at the time of the accident or any other time. The cause or motive for the proceeding of eleven months before does not appear, but whatever either may have been, nothing further was done. The railway was not operated but the track remained, and the responsibility of defendant for the condition of its streets was neither increased nor diminished by the fact proved. The evidence was prejudicial to defendant and should not have been admitted.

By the first instruction the jury were told that all people had the right in using defendant's streets, to assume that they were in good condition, and to regulate their conduct upon that assumption. Plaintiff had passed over the street frequently before the accident and was familiar with its condition. If it was in the bad condition claimed by plaintiff, she would have no right to assume and regulate her conduct upon the assumption that it was in good condition contrary to her actual knowledge.

The second instruction given at the instance of plaintiff was as follows: " The court instructs the jury that negligence is the failure to use due care, and may be either slight or gross, depending upon the circumstances of each particular case; and if the jury shall believe from the evidence that plaintiff and defendant are both guilty of negligence, but that the negligence of the plaintiff was slight and that

of the defendant gross in comparison therewith, then the jury should find for the plaintiff, if they believe from the evidence that such gross negligence resulted in the injury to the plaintiff complained of."

This was an attempt to state the doctrine of comparative negligence which is no longer the law of this State. I. S. & M. S. R. R. Co. v. Hessions, 150 Ill. 546. And it was not a correct statement of the doctrine, since it not only omitted the hypothesis that plaintiff was in the exercise of ordinary care, but stated that she need not use due care. Slight negligence was one of the grades defined as a failure to use due care, and the jury were told that she might recover although guilty of such negligence. The failure to use due care constitutes a grade of negligence higher that that which is termed slight, and bars a recovery.

By the fourth instruction asked by defendant a rule of law was laid down that if the plaintiff saw the horse and buggy in time to avoid it by driving into the alley which was near at hand and in plain view, but that she chose to remain and take the chances of being injured, she thereby assumed all risk of injury and could not recover. The instruction as asked was bad in stating as a rule of law what facts would constitute a negligent exposure to injury, but the court gave it with the following additions: "But the jury are instructed that it was for the plaintiff to determine from the facts and circumstances surrounding her and the condition of the street and its surroundings, whether, in the exercise of due care and caution for her own safety, it was best to turn into the side alley or to adopt some other mode to avoid the danger of collision with the approaching horse and buggy." As modified, the instruction was that she could not recover if she could have avoided the accident by driving into the alley, but that she had a right to drive in there or not according to her own judgment. The real question touching the alley was whether a reasonably prudent person situated as plaintiff was would have gone into the alley; and while it was not a rule of law that she must go, neither was it the law that her determination

settled the question that she need not go.   Defendant could not be made to suffer from a failure on her part to make such a selection of means for her protection as a reasonably prudent person would have made under the same circumstances.

The eleventh instruction as asked by defendant required a verdict for defendant if plaintiff was injured from some other cause than a defect in the street, and if she alighted from some other reason than to prevent a collision.   The court added the further condition that the jury should find that she did not alight to protect herself and horse and sister.   If she was not injured by reason of any defect in the street, that fact was enough to defeat her, and the addition ,of other conditions was useless at least.

Defendant requested the court, by the thirteenth instruction, to direct the jury in case they found that plaintiff was injured, and that her injury was the combined result of an accident and a defect in the street, that in order to entitle her to recover they must further find that she was guilty of no fault or negligence, and that the accident was one which common and ordinary prudence and sagacity could not have avoided.   The instruction might have been properly refused, but the court changed it from an instruction for defendant requiring further proof, into an affirmative instruction for plaintiff, stating that she would still be entitled to recover if the further facts were found.   As affirming a right to recover, it was bad in omitting the hypothesis that there was negligence on the part of defendant in permitting the existing condition of the street.

The fourteenth instruction, given at the instance of defendant, stated that plaintiff could not recover unless the defect was such that it would not have existed but for the gross negligence of the defendant.   This was erroneous, and plaintiff was not required to prove that degree of negligence.   It ought, perhaps, to be regarded as supplying any omission on that subject in other instructions, but we find nothing which could have cured other errors noted, and the judgment will therefore be reversed and the cause remanded.