*J. R. Thomas, for appellant.*

*Russell & Avritt, for appellees.*

---

### E. Padgett et al. *v.* Henry Mays.

[Abstract Kentucky Law Reporter, Vol. 2—213.]

**Bill of Exceptions.**

A bill of exceptions can only be made a part of the record by the court's order, and where no order is made filing a bill of exceptions the mere memoranda by the clerk that it was filed will not make it a part of the record.

**Withdrawing a Defense or Cause of Action.**

At any time before a cause is submitted to the jury a party should

be allowed to withdraw a defense or cause of action which he does not desire longer to maintain.

## APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

### February 6, 1881.

OPINION BY JUDGE COFER:

There is nothing before us to show that the bill of exceptions copied into the transcript was ever made part of the record. The following is all the transcript contains on that subject: "The defendants' motion for a new trial was overruled, and they were allowed until the 1st day of the July term, 1879, to prepare and file their bill of exceptions. Defendants prepared and filed their said bill of exceptions with the clerk on the 26th day of June, 1879, which is as follows": etc.

No portion of this purports to be an order of court, and it is all, no doubt, mere memoranda by the clerk. At any rate it can not possibly be regarded as an order filing a bill of exceptions. Nearly all the errors assigned are reviewable only on a bill of exceptions, and there being no such bill we need make no further reference to such as can not be considered without it.

The refusal of the court to permit the answer to be amended furnishes no ground for reversal. In the first place, no amendment was tendered; but waiving that the answer already in contained an averment that the property was voluntarily surrendered, and the proposed additional allegation that the process in the hands of the deputy sheriff was a mittimus and not a capias, did not improve the defense. If the goods were voluntarily surrendered it was immaterial whether the officer had the one writ or the other, and if the surrender was not voluntary then a mittimus gave no authority to seize them.

As a general rule a party should be allowed at any time before the cause is submitted to the jury to withdraw a defense or cause of action which he does not desire longer to insist upon; yet we are unable to see in what way the defendants were prejudiced by the refusal of the court to allow them to withdraw the second paragraph of their answer. There was no error in awarding the capias on the judgment [Gen. Stat. (1879) Ch. 38, Art. 3, § 1], nor in ren-

dering judgment for interest. Gen. Stat. (1879) Ch. 60, Art. 1, § 6.

Wherefore the judgment is *affirmed*.

*W. H. Miller for appellant.*

*W. O. Bradley, M. C. Saufley, for appellee.*