JESSIE KOEWING, PLAINTIFF-APPELLANT, v. TOWN OF WEST ORANGE, DEFENDANT-RESPONDENT.

Argued June 29, 1916—Decided November 20, 1916.

1. A motion to strike out a complaint under the Practice act of 1912, for want of showing cause for action, is the equivalent of a demurrer in the former practice, and only admits facts well pleaded, and not conclusions of law arising from the facts stated.
2. Duress, for which a person may void a contract or recover back money paid under its influence, exists where one by an unlawful act of the beneficiary or his authorized agent, or by the act of some person with his knowledge, is constrained under circumstances which deprive him of the exercise of free will to agree to, or to perform, the act sought to be avoided.
3. The collection of taxes through threats by the authorities of a municipality to which they are owing, that unless the sum due is paid the owner's right to redeem will be barred or foreclosed, does not amount to unlawful coercion and is not duress.
4. Payment is not rendered involuntary merely because the payer at the time makes a protest against the payment, and if money is paid under compulsion no protest is necessary to lay the foundation of an action to recover it; but, if there be doubt as to whether the payment was voluntary, the protest may be taken into account in determining that question.
5. A voluntary payment cannot be recovered by the payer.

On appeal from the Supreme Court.

For the plaintiff-appellant, *Edwin T. Murdock*.

For the defendant-respondent, *Simeon H. Rollinson* and *Borden D. Whiting*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. Action was brought in the Supreme Court by Mrs. Koewing against the town of West Orange to recover the sum of $1,455.92, collected by the town from her for taxes, and which collection she avers was made upon wrongful and unlawful duress and compulsion. The complaint, on motion, was struck out.

A motion to strike out a complaint under the Practice act (1912), for want of showing cause for action, is the equivalent of a demurrer in the former practice. A demurrer only admitted facts well pleaded, and not conclusions of law arising from the facts stated. *Tinsman* v. *Bel. Del. Railroad Co.*, 26 *N. J. L.* 148. See, also, *Coxe* v. *Gulick*, 10 *Id.* 328; *Davis* v. *Minch*, 80 *Id.* 214.

Among the six reasons upon which the motion to strike out was grounded, one was that the complaint showed the taxes to have been paid voluntarily and did not show compulsion. If this contention be sound it is alone sufficient to sustain the order appealed from. That order recites that the complaint does not disclose any cause of action.

The complaint contains five counts. They are very voluminous, the first one being divided into thirty-three paragraphs; the second into seven; the third into ten; the fourth into five, and the fifth into five.

The complaint shows that the taxing authorities of the town having increased the assessed valuation of Mrs. Koewing's property, she appealed to the county and state boards and the valuation was reduced. Still being dissatisfied she prepared to appeal from the reduced valuation, but in treaty with the town it was agreed that she should let the valuation stand and pay $4,657.60, the face amount of the taxes due, and the town would waive the interest and costs thereon, amounting to $678. She paid the $4,657.60, which the town accepted and used. The collector, however, disobeying instructions from the town authorities, credited the amount on taxes and costs for part of 1905 and for 1906, 1907 and 1908. This left an apparent balance of taxes for 1905 of $678, which would carry interest at twelve per cent. In 1915, the town notified Mrs. Koewing to exercise her right to redeem her property from the lien of the balance within sixty days, or on failure thereof, she would be forever barred and the premises would become the town's property by operation of law. The sum demanded was $1,455.92, which was the tax balance of $678, with interest added.

To avoid loss in the event of unsuccessful litigation, Mrs.

Koewing alleges that she paid the above mentioned sum of $1,455.92 "under duress and compulsion," protesting that she owed nothing, and sued to recover the amount so paid. It was the complaint in the suit for its recovery that was struck out by the Supreme Court on the ground that it did not show cause for action, and from that order she has appealed to this court.

The facts above recited are from the first count in the complaint. The second and third ones recite different proceedings looking to an adjustment of the matters in controversy between the parties, and the fourth and fifth ones advance different theories upon which the plaintiff claimed recovery upon the facts stated. The last four counts claim different sums as damages, according to the theory of the various counts. It is not deemed necessary to epitomize them here.

The gravamen of the whole complaint is, that the payment of the $1,455.92 was not voluntary, but was the result of duress and compulsion. The only question necessary to be decided is as to whether or not payment by the plaintiff was procured by the defendant "under duress and compulsion," as the plaintiff herself puts it, for if the payment were voluntary and not the result of unlawful compulsion, the complaint was properly dismissed.

A very good definition of duress is that adopted in the opinion of the court *In re Myers,* 106 *Fed. Rep.* 828, 831, as follows:

"The duress for which a person may avoid any contract or conveyance made, or recover back any money paid under its influence, exists where one by an unlawful act of the beneficiary or his authorized agent, or by the act of some person with his knowledge, is constrained under circumstances which deprive him of the exercise of free will, to agree or to perform the act sought to be avoided."

The averments of the complaint, singly or together, do not show a case of duress within this definition. The parties to the suit at bar dealt at arm's length.

In *Camden* v. *Green,* 54 *N. J. L.* 591, it was held to be a general principle that if a person without mistake of fact or

in the absence of fraud, duress or coercion, pays money on a demand which is not enforceable against him, the payment is deemed a voluntary one and cannot be recalled. Thus it appears that if the tax lien could not have been enforced against the property of the appellant, and there was no mistake of fact, and no fraud, duress or coercion practiced upon her, she could not recover the money paid. The complaint under review does not plead any fact showing mistake, fraud or duress, or that the tax lien was not enforceable against the plaintiff, and, therefore, she is not entitled to recover. And the fact that she paid under protest does not aid her. *Shoemaker & Co.* v. *Board of Health,* 83 *Id.* 425.

In *Mee* v. *Montclair,* 84 *N. J. L.* 400, a policeman was fined for delinquency and was told by the chief of police to endorse his salary check to the town in payment of the fine. This he did, but as it did not appear that the fine was an illegal one, or that the chief used any coercion to compel the endorsement, or that the policeman had made a protest, it was held that the payment was voluntary and could not be recovered. It is not to be understood that if the policeman had protested that that would have compelled a different decision in his case. The fact that he did not protest appeared in the evidence and must be considered as having been adverted to in the opinion of the court as tending, among other facts, to show that there was no compulsion. In 30 *Cyc.* 1310, it is stated that a payment is not rendered involuntary merely because the payer at the time makes a protest against the payment, and that if money is paid under compulsion, no protest is necessary to lay the foundation of an action to recover it, but if there be doubt as to whether the payment was voluntary, the protest may be taken into account in determining that question. This is clearly the law.

Mrs. Koewing avers that she was coerced into making the payment she seeks to recover, through threats by the town authorities that unless she paid the sum demanded her right to redeem would be forever barred, that is, foreclosed. It has been held that the collection of money secured by mortgage through threats of foreclosure does not amount to duress.

See *Shuck* v. *Association*, 63 *S. C.* 134; *Vick* v. *Shinn*, 49 *Ark.* 70; *Nutting* v. *McCutcheon*, 5 *Minn.* 382.

We are of opinion that the payment sought to be recovered was free from the taint of duress or other compulsion, and was voluntary. Therefore, the complaint was properly stricken out, as it showed no cause for action. This renders it unnecessary to consider the other reasons for reversal advanced by the appellant.

The judgment of the court below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, BLACK, HEPPENHEIMER, JJ. 9.

*For reversal*—BERGEN, WHITE, WILLIAMS, JJ. 3.