## Maryland Casualty Company v. Givens.

(Decided October 12, 1917.)

### Appeal from Daviess Circuit Court.

1. Payment—Ratification—Assumpsit—Where a stranger pays a debt and the debtor thereafter ratifies the payment and adopts it a/. his payment, he is liable in an action in assumpsit to the party making the payment, but it is otherwise where the debtor does not ratify or confirm such payment.

2. Trial—Withdrawal of Plea.—A party may upon motion at any time before the submission of a cause to a jury, withdraw any plea or cause of action upon which he does not desire to insist or further prosecute.

E. B. ANDERSON for appellant.

W. P. SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Maryland Casualty Company is engaged in the insurance business in this state, and on the 8th day of February, 1913, issued a policy of insurance to the Owensboro Warehouse Company, and T. J. Turley Company, of Owensboro, Kentucky, whereby it insured those two concerns against loss or damage to property owned

by the assured, or in their possession, by accidental discharge, leakage or precipitation of water from the automatic sprinkler system, installed in the basement of the warehouse in Owensboro.

Appellant, Maryland Casualty Company, had a competitor in the same line of insurance in Owensboro. The warehouse company was about to take insurance with appellant's competitor, when Mr. Givens, local agent, accompanied by Mr. Smith, the state agent of appellant, approached Flaherty, the president of the warehouse company, and represented to him that the policy which appellant issued in such case was as liberal, broad and inclusive as that of its competitor and that appellant's policy, which Givens and Smith exhibited to Flaherty, covered and included the risks under consideration. Thereupon Flaherty, who was in a hurry to leave his office, relying upon the statements of Givens and Smith, accepted the contract of insurance of appellant, Maryland Casualty Company, and paid the premium. Thereafter, an accident occurred in the warehouse whereby the tank of the sprinkler system was demolished and water spread in the basement and injured goods stored therein. The warehouse company thereupon demanded adjustment of the loss under the insurance policy. Appellant, Maryland Casualty Company, denied its liability, claiming its policy did not cover the risk. Quite a volume of correspondence ensued, but without results. Finally the warehouse company insisted on Givens, who had made the representations to its president that the policy did include the risk, should make reparation. Givens thereupon entered into a compromise arrangement with the warehouse company, whereby he settled the loss with it under the policy for $282.00. This was without authority from appellant company. In fact, the casualty company declined absolutely to consider the matter of payment. Later on the warehouse company discovered that its loss was greater than it had at first estimated, and indeed greater than it had calculated at the time of the settlement with Givens. To recover for this extra loss which had not been discovered at the time of the settlement with Givens, the warehouse company brought an action against the Maryland Casualty Company to recover on the policy of insurance. To this action the casualty company made answer, denying its liability and relying upon several defenses, one of which was that its agent, Givens, had theretofore compromised

and settled the claim for loss with the warehouse company for $282.00, and plead appellant's compromise and payment in bar of the right of the warehouse company to recover. While this action was pending and after the answer of appellant had been filed, setting up the compromise and payment by Givens, this action was instituted by appellee, Givens, against the Maryland Casualty Company, to recover of appellant the $282.00 paid by him for appellant to the warehouse company in settlement and compromise of the claim of the warehouse company under the policy of insurance. It is an action in the nature of *assumpsit*. These two suits were thereupon consolidated and heard together. When this second action was instituted appellant, by counsel, moved the trial court to allow it to withdraw so much of its answer as plead the compromise, settlement and payment of $282.00 by Givens in bar of the action by the warehouse company. This the court declined to allow. Upon a trial the court dismissed the action by the warehouse company against appellant, Maryland Casualty Company, but allowed Givens to recover over against appellant the $282.00 paid under the compromise settlement, and of this appellant complains. The warehouse company, however, does not appeal.

Only two questions are presented by this appeal: Did the trial court err in declining to allow appellant to withdraw its allegation of compromise and settlement made by Givens? And, if such was error, did it prejudice the substantial rights of appellant?

It is the contention of appellee, Givens, that the allegation of the answer was a ratification of the compromise settlement and of the payment of $282.00, which he made to the warehouse company for and on account of the policy of insurance. It must be conceded that a voluntary payment, such as the one made by Givens, for the benefit of another, gives the payer no right of action against the one for whose benefit the payment was made, unless he subsequently ratifies it.

27 Cyc. 838; Neely, et al., v. Jones, et al., 16 W. Va. 635.

Undoubtedly the plea of appellant that payment was made by its local agent, Givens, for it, and relying upon such payment in bar of the action of the warehouse company, was an adoption and ratification of the payment by Givens.

It is a recognized principle that if after a stranger pays a debt the debtor ratifies the payment, as by relying on such payment as his payment when sued upon the debt, or, in any other manner, he is liable in an action of *assumpsit* brought by the stranger against him for money paid at his request for his use, the subsequent ratification being equivalent to a previous request. At first appellant, casualty company, repudiated the payment by Givens, but later, as was its right, it ratified and adopted the payment. Having once ratified and adopted such payment as its own, and having relied upon it in bar of the right of the warehouse company to recover upon the policy of insurance, it cannot thereafter avoid liability to Givens for repayment of the $282.00. Subsequent ratification placed appellant in the same attitude as if it had requested Givens to pay said sum for it in settlement of the claim, and Givens had, in pursuance to such request, made such payment. Suppose the trial court had allowed appellant to withdraw the plea of payment after it had been made and filed, would such withdrawal have served to relieve it of its ratification and assumption of obligation to Givens? Clearly it would not.

Having once ratified the compromise its act cannot be undone. If it had requested Givens to pay the $282.00 before payment was made and Givens, in good faith, had paid said sum, appellant would not thereafter be permitted to withdraw its request to make such payment. So where the payment is made and appellant afterwards adopted and ratified the same, it became as firmly bound to make repayment as in the first instance. It might have withheld its ratification, and had it done so, it would not have been liable to Givens for his voluntary expenditure. But this it did not choose to do. To avoid responsibility to the warehouse company, under its policy of insurance, it set up and relied upon the compromise agreement, and having done so and thereby defeated the claim of the warehouse company, it will not be permitted to receive the benefits and to repudiate its benefactor. It follows, therefore, that the trial court's refusal to allow appellant to withdraw its plea, while irregular, did not prejudice the substantial rights of appellant, because a withdrawal of the plea would not have worked a withdrawal of the ratification.

The trial court erred in overruling the motion of the casualty company to withdraw its plea. The rule seems

to allow a party to withdraw a defense or cause of action, which he does not desire longer to maintain, at any time before submission to the jury. In the case of Padgett, et al., v. Mays, reported in 11 Ky. Opinions, page 24, it is said:

"As a general rule a party should be allowed at any time before the cause is submitted to the jury to withdraw a defense or cause of action which he does not desire longer to insist upon."

This error, however, was not prejudicial and did not affect the substantial rights of appellant.

Appeal granted and judgment affirmed.