LOESSER MANUFACTURING COMPANY, RESPONDENT, v. JULIUS SCHMID, INCORPORATED, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

Where defendant paid to plaintiff certain promissory notes in settlement of an account, which were duly paid at maturity, and defendant alleged an agreement by plaintiff to pay the sums represented by such notes to it, such a situation creates no basis for a counter-claim, since a voluntary payment cannot be made the basis either for a counter-claim or for an original cause of action.

---

On appeal from the Supreme Court.

For the respondent, *McCarter & English*.

For the appellant, *Mackay & Mackay*.

The opinion of the court was delivered by

MINTURN, J.   The suit was to recover the value of goods sold and delivered, consisting of toilet boxes, to which demand the defendant interposed a counter-claim as to which the trial court directed a nonsuit, the propriety of which judicial action is involved in this appeal.

The plaintiff's claim was not controverted, but was practically admitted by defendant to the extent of $1,824.94, the excess for which judgment was demanded, consisting of one disputed item ($199.14) was submitted to the jury, and they found for the plaintiff upon that item, as well as upon the said uncontested item, plus interest due thereon, which items constitute the amount of the verdict, viz., $2,062.18.   The issue thus considered by the jury obviously presented only a question of fact, and as such was properly submitted to the jury.

The counter-claim amounting to over $3,000 depended for legal recognition upon proof of an alleged agreement between the parties.   Conceding the existence of the agreement, of which there was no proof, and as a result of a breach of which no damages appear to have been proved, it must suffice to say that it is manifest from the record that the amount involved in the counter-claim had been paid by the defendant to the plaintiff upon the settlement of a prior account by the giving of six promissory notes, each of which was paid by defendant at maturity.   No consideration seems to exist as a basis for the alleged agreement, nor was such an agreement proved.   In any event the payment by the defendant was voluntary in character, and involved a settlement of those items, and as such under the well-settled rule it cannot be made the basis for a counter-claim, or for an original cause of action.   *Koewing* v. *West Orange*, 89 *N. J. L.* 539.

The action of the trial court therefore in this respect was legally correct.   We have examined the remaining alleged

procedural errors, and find nothing therein of legal moment, which under the Practice act can be said to affect prejudicially the substantial rights of the appellant.

The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 16.

*For reversal*—None.