FEIST & FEIST, INCORPORATED, APPELLANT, v. A. & A. REALTY COMPANY, RESPONDENT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Philip J. Schotland.*

For the respondent, *George D. Mulligan.*

The opinion of the court was delivered by

CAMPBELL, J.  On September 13th, 1922, plaintiff-appellant entered into an agreement in writing with Benjamin Myer and Henry Allsopp, then owners of an apartment house at 168 Clinton avenue, Newark, to act as agents to rent, collect rents, &c.

Paragraph 7 of such agreement provides as follows:

"The said agency shall commence on the fifteenth day of September, 1922, and shall continue for a period of one year and will continue thereafter from year to year unless either party shall notify the other that the same is to terminate by giving three months' written notice prior to the expiration of this agreement or any renewal thereof.  In the event that this agreement is canceled as hereinbefore provided for, prior to the expiration of any lease or tenancies existing in the above property, the said owner hereby agrees to pay to the said

agent on the date of the cancellation of this agreement, or any renewal thereof, as herein provided for, a commission of five per cent. on the full amount of all such leases and tenancies."

On November 18th, 1922—slightly over a month after the agreement in question went into operation—the plaintiff-appellant received a letter signed by A. E. Allsopp, 2d, for Henry Allsopp, directing that a check for rents of the apartment house should be sent to A. E. Allsopp, Incorporated, instead of Henry Allsopp.

This was probably because of a change of ownership of the property, but that fact does not clearly appear.

On January 13th, 1923, about a year and four months after the agreement went into operation, the plaintiff-appellant received a letter from Henry Allsopp advising that there had been a reorganization of the A. & A. Realty Company as of January 10th; that the headquarters of the company had been removed to the office of the president, Albert E. Allsopp, 2d., Kinney Building, 790 Broad street, Newark, New Jersey.

On January 16th, 1923, A. E. Allsopp, 2d, as president, wrote plaintiff-appellant to send statements for the property in duplicate and to make "the check from now on payable to the A. & A. Realty Company instead of A. E. Allsopp, Incorporated, as per letter enclosed." The letter enclosed was, in all probability, the letter of January 13th, before referred to.

On January 6th, 1927, A. E. Allsopp, 2d, as president of the A. & A. Realty Company, wrote the plaintiff-appellant expressing dissatisfaction with its method of handling the property. This was replied to under date of October 15th, 1926, enclosing a rather voluminous report under date of October 9th, 1926.

On January 6th, 1927, A. E. Allsopp, 2d, as president of A. & A. Realty Company, wrote plaintiff-appellant as follows:

"This is to inform you that we have leased the entire property at 168 Clinton avenue to Mr. Peter Glod and have

assigned the lease of Ann Davis to him; therefore commence-
ing February 1st he will collect the rents and take over the
general management of the building. As we understand it we
owe you five per cent. of the uncollected rent of the Davis
lease which you consummated last October, and if you will
render us a bill for same we will be pleased to send you a
check."

This was answered by plaintiff-appellant on January 13th,
1927, by a letter which, amongst other things, stated:

"Your understanding as outlined in your letter to the effect
that you owe us five per cent. of the uncollected rents under
the Davis tenancy is only partially correct, as perusal of
your copy of the management agreement will show. Under
it we are entitled to a commission to the expiration of any
leases made during the term of the agreement. Interpreted
this would mean that we are entitled to five per cent. of the
aggregate rentals provided in the Davis lease plus five per
cent. of the aggregate rentals of the lease made with Peter
Glod to the date of their expiration."

On March 3d, 1927, the plaintiff-appellant brought an
action against the respondent to recover the sum of $1,025,
as follows:

"To commissions due under management agreement can-
celed by you under date of January 6th, 1927—
Ann Davis—from February 1st, 1927, to
   October 1st, 1927 ................ $1,000    $50
Peter Glod, five years from February 1st,
   1927, to February 1st, 1932 ... ... $19,500    975
                                               $1,025"

Upon a trial of the cause, at the conclusion of the plain-
tiff's case a nonsuit was granted upon the ground that there
had not been shown any ratification of the contract in ques-
tion so as to legally bind the defendant thereby. From the
judgment of nonsuit the defendant below appeals.

In addition to the foregoing facts, one Ralph G. Schweb-
meyer, secretary of the appellant corporation, testified that

the appellant, in accordance with the terms of the aforesaid agency and management contract, had "managed the property from the viewpoint of the renting of the vacant space as it occurred, and the collection of rents and the mechanical operation of the property such as the supervision of the suppliance of heat and the rendition of statements periodically, the handling of bills and the general handling of the property "from the date of such contract until it was brought to an end on February 1st, 1927, by the letter of January 6th, 1927, before referred to."

The contention of the appellant is that the proofs show that there was an adoption or ratification of its contract of management by the respondent company, or, at least, sufficient proof to make it a jury question and therefore the ruling of the trial court in directing a nonsuit was error.

To obligate a corporation upon a contract it must be proven that the contract was its act, either by corporate action, that of an authorized agent or by adoption and ratification, and such ratification will be implied from acquiescence or the acceptance of the benefits of such contract, it being essential to implied ratification that it and the acceptance of benefits be with knowledge of the facts. *Beach* v. *Palisade Realty and Amusement Co.*, 86 *N. J. L.* 238; *Aerial League of America* v. *Aircraft Fireproofing Corp.*, 97 *Id.* 530.

Now we think there were proofs from which it could be reasonably inferred that the respondent corporation had knowledge of the appellant's management contract, for the reason that, from the date when, admittedly the respondent became the owner of the property, January 10th, 1923, to the date of its letter, January 6th, 1927, when it terminated relations with appellant, the latter continuously, not only collected rents, but managed the property, securing tenants, attended to the details of heating, &c., paying all bills and rendering itemized statements of all such transactions and activities to respondent.

This would seem to be further evidenced and emphasized by the fact of the admission by respondent that it was indebted to appellant for five per cent. of the rents for the

remainder of the term of the socalled Davis lease, this being a rental affected by appellant, the term of which extended beyond February 1st, 1927, which respondent fixed as the termination of their relations.

We conclude, therefore, that the ruling of the learned trial judge in granting the motion for nonsuit was erroneous and the judgment entered thereon must be reversed.

Respondent contends that if the nonsuit was erroneous upon the ground already considered it was proper upon another ground, namely, that the action was premature in that the contract in question, by its terms, ran from year to year, that is, from September 15th in any given year until a like date in the following year except that the same might be terminated upon three months' written notice given prior to anw renewal thereof, and that the notice of termination of January 6th, 1927, although fixing such termination as February 1st, 1927, was not effective until September 15th, 1927.

But this we find is without legal merit.

Whether or not it could legally do so, nevertheless respondent, by its own act, brought to an end on February 1st, 1927, whatever relations existed between it and appellant, thereby making impossible further performance by the latter, and its suit was in the nature of moneys earned under and damages resulting from the alleged breach of such contract.

The judgment under review is reversed, with costs, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 13.