## Carsen v. Kelly.

(Decided December 19, 1930.)

S. D. HODGE for appellant.

JOHN C. GATES for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Robert P. Carsen sued Mrs. Frances Eldred Kelly for $2,086.25, a general demurrer was sustained to his

petition as amended, and he appeals. Carsen, who does business as "Robert P. Carsen Scenic Studios," began this action on September 30, 1929; he amended his petition on March 31, 1930. The petition as amended is rather elaborate, but the substance of it is that Mrs. Frances Eldred Kelly (then Miss Frances Eldred) contracted with Carsen for him to furnish the material and make and paint for her certain theatrical scenery, for which she was to pay him $2,870, one-half cash and the remainder upon completion; that the plaintiff furnished $1,423.95 worth of material; that he would have made a profit of $662.30, which added to the cost of the material makes $2,086.25, for which he asked a judgment. His petition contained these further allegations:

'On the 8th day of December 1926, (plaintiff) prepared and submitted to the defendant a statement of the whole of said account, including the terms on which said order was accepted by the plaintiff, as follows: 50% upon signing and acceptance of the specification and quotation, and the balance upon the completion, and the defendant wrongfully and unlawfully neglected, failed and refused to sign same."

"That the said settings, material therefor are worthless for any other purpose than that for which they were ordered, and intended to be used by the defendant."

To this the court sustained a demurrer, but for what reasons the record does not show, but probably because the petition showed on its face the parties had never agreed and defendant had never accepted Carsen's proposition. Thereupon Carsen tendered a second and a third amendment which the court refused to order filed, and, as he declined to plead further, his petition was dismissed, and he appeals.

In these amendments he says:

"The order given by the defendant was on the 11th day of November 1926, and the contract therefor was reduced to writing, and both the plaintiff and the defendant signed the contract whereby the defendant agreed and promised to pay the plaintiff the amount of said order, the sum of $2,870.00, one half cash, and the balance upon the completion of

the job; that the defendant desired for her father to sign said contract and agree to pay same for her, and requested the plaintiff to permit (her) to send said contract to her father for his signature, proposing and agreeing at the time to take and to pay the plaintiff therefor, regardless of whether or not her father signed said contract.''

''The allegations in this amendment were left out of the original petition through oversight and mistake of the draftsman; and all allegations in the original, and amended petition in conflict herewith are hereby corrected.''

''The plaintiff is unable to file herewith the written contract mentioned in the said amended petition, for the reason that the said contract, dated the 11th day of November, 1926, was mailed by registered letter to the defendant's father, S. Eldred, Princeton, Ky., and received by her said father, and retained and kept by him who has failed and refused to return same to the plaintiff and same is not now in the possession of the plaintiff; that the allegations contained in this amendment were left out of the second amended petition through oversight, mistake and inadvertence of the draftsman.''

The court does not say why he refused to permit these amendments to be filed, but it was probably because he regarded them as a departure from the petition. They did contain statements inconsistent with the petition, but the pleader expressly pleaded he was correcting such conflicting statements. That was equivalent to saying he was withdrawing them. Whatever the rule may be in other states, it is settled in this one that: ''As a general rule a party should be allowed at any time before the cause is submitted to the jury to withdraw a defense or cause of action which he does not desire longer to insist upon.'' See Padgett et al v. Mays, 11 Ky. Op. 24; Maryland Casualty Co. v. Givens, 177 Ky. 131, 197 S. W. 497; Southern Nat. L. R. Corp. et al. v. People's Bank, etc., 178 Ky. 80, 198 S. W. 543; Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980. If he can withdraw an entire pleading, he can withdraw a part of it.

With those inconsistent allegations withdrawn, the plaintiff at least has stated a cause of action for his profits.

The court will overrule the demurrer, allow plaintiff to file his second and his third amended petition and further amendments, if he so desires, and let the cause proceed.

Judgment reversed.