JOHN SUTTON, PLAINTIFF-APPELLANT, v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, DEFENDANT-RESPONDENT.

Submitted January 31, 1936—Decided July 22, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *William Charlton.*

For the respondent, *Katzenbach, Gildea & Rudner.*

The opinion of the court was delivered by

HEHER, J. Plaintiff suffered injuries by an accident which arose out of and in the course of his employment. The negli-

gence of a third person was the proximate cause thereof; and he recovered judgment against the tort feasor for the consequent damages. Meanwhile, the employer's insurer made disability compensation payments to plaintiff under the Workmen's Compensation act of 1911 (*Pamph. L., p.* 134), as amended, totaling $359.36; and, under a mistaken conception of law (see *Erie Railroad Co.* v. *Michelson,* 111 *N. J. Eq.* 541; *Cook* v. *Phillips,* 109 *N. J. L.* 371), it claimed the right of subrogation for the sums thus paid, and served a timely notice thereof upon the tort feasor.

The moneys necessary for the satisfaction of the judgment were paid by two checks, delivered to plaintiff's attorney, viz.: one for the total compensation payments, payable to plaintiff, his employer and the defendant insurer; and the second for the balance thereof, payable to plaintiff and his attorney. Plaintiff endorsed the first mentioned check; and it was returned to the judgment debtor's attorney, who delivered it to defendant. The latter received the avails thereof, and plaintiff now sues to recover that amount. The District Court judge, sitting without a jury, found as a fact that plaintiff "voluntarily endorsed" the check, and awarded judgment to the defendant. This is claimed to be error in a matter of law.

Assuming that the third specification of error challenges the existence of any evidence to support the finding of a voluntary payment (the other assignments are palpably insufficient), we find it to be devoid of substance. The general rule is that a payment voluntarily made on a demand not enforceable against the payer, without mistake of fact, or fraud, duress or extortion, cannot be regained. *Camden* v. *Green,* 54 *N. J. L.* 591. And where the payer has an alternative course consistent with a denial of the validity and enforceability of the claim, the payment is regarded in law as voluntary, and is therefore not recoverable. *McCrory Stores Corp.* v. *Braunstein,* 99 *Id.* 166; *D'Aloia* v. *Summit,* 89 *Id.* 154; *Whitall-Tatum Co.* v. *Vineland,* 102 *Id.* 28; *Shoemaker & Co.* v. *Board of Health,* 83 *Id.* 425.

Now, appellant invokes the principle enunciated in *Stam-*

*pone* v. *Travelers Insurance Co.,* 114 *N. J. L.* 374, and, seeking an analogy, states the question at issue thus: Did the tort feasor's insurer, "by drawing a check which included the name of the plaintiff and by procuring his endorsement, by duress or *otherwise,* thereby act in any different manner than if he had made the payment directly to the defendant?" But there was no evidence of duress. Plaintiff's attorney testified that his client's right to use the second check (for the balance of the compensation payments) was conditioned upon plaintiff's endorsement of the first check for the amount in suit, and its delivery to the tort feasor's insurer. There was evidence in contradiction of this; and the judge's resolution of this question of fact is not, in such circumstances, reviewable here. However, the imposition of such a condition would not constitute duress in any sense of the term; the payment would not, in that event, be involuntary. Plaintiff was at liberty to invoke his legal remedy to compel satisfaction of the judgment. The payment was in fact made to him, and the cited case is not in point.

Judgment affirmed, with costs.