## HARDWARE MUT. CASUALTY CO. v. LIEBERMAN et al.

### No. 506.

District Court, D. New Jersey.

June 10, 1941.

244

Cox & Walburg, of Newark, N. J., for plaintiff.

Hymen Siegendorf, of Passaic, N. J., for defendants.

WALKER, District Judge.

### Statement of Facts.

1. Prior to October 14, 1935, the defendants being employers of labor came within the provisions of the Workmen's Compensation Act of the State of New Jersey, N.J. S.A. 34:15–1 et seq.

2. During the period from April, 1935, to October 29, 1935, the defendants were not insured in any company for liability arising under the Workmen's Compensation Act of New Jersey, and had not qualified and were not authorized by the Department of Banking and Insurance of the State of New Jersey to act as self-insurers.

3. On October 29, 1935, the plaintiff herein issued to the defendants for the period from October 29, 1935, to October 29, 1936, a standard form of policy of New Jersey Workmen's Compensation Insurance. This policy was duly delivered to them on October 30, 1935.

4. On October 14, 1935, Max Landau, while working as an employee of the defendants, sustained injuries as a result of an accident arising out of and in the course of his employment, for which he was entitled to prosecute a claim against the defendants under the said Act. He informed the defendants of his injury at that time; however, the first notice the plaintiff had thereof was received from the injured employee on November 19, 1935.

5. On February 17, 1936, a formal petition was filed by Max Landau in the Workmen's Compensation Bureau against the defendants, and service thereof was made upon the plaintiff. Assuming its policy was in force and effect at the time of the alleged injury and without consulting the defendants, the plaintiff engaged counsel to defend the action which proceeded to judgment in favor of the employee and against the defendants for compensation in the sum of $3,495, plus medical expenses and other items in the sum of $593.95.

6. The plaintiff herein appealed said judgment to the Passaic County Court of Common Pleas and upon its affirmance, paid the amount of the judgment to Max Landau.

**7.** Thereafter, and on August 9, 1938, Max Landau filed a second petition against the defendants for additional compensation, alleging generally further medical treatment and increased disability. On September 13, 1938, the plaintiff discovered that its policy aforesaid was not in effect on October 14, 1935, and thereupon it notified the defendants by two letters dated September 14, 1938, and October 6, 1938, of its error in defending the first action and demanded reimbursement of the moneys paid to Max Landau. Pursuant to the letter of October 6, 1938, negotiations were had whereby Hymen Siegendorf, Esquire, attorney for the defendants, entered the case to cooperate with Messrs. Cox & Walburg, attorneys for the plaintiff, on the defense of the second petition. When the defendants refused to sign nonwaiver and repayment agreements, the plaintiff, after Max Landau had amended his second petition to join it as the alleged insurance carrier of the defendants, notified the defendants on December 13, 1938, that it had no further interest in the action.

**8.** The attorney for the defendants filed an answer in their behalf to the amended petition, setting up as follows the defense that all the issues had been settled:

Question No. 39: "What other facts are there which you believe important? If you deny that compensation is payable in this case explain fully your reasons for this conclusion."

Answer: "This respondent contends that the question of accident, notice, jurisdiction, wages, disability and liability were determined by a determination, dated July 17, 1936, and a rule for judgment of the Passaic Pleas, dated November, 1936, and the question of liability and disability were determined under a determination, dated April 17, 1937. Respondent contends that on these issues, this claim as alleged, has been adjudicated. The Bureau is without jurisdiction over the amended claim petition, filed December 6th, 1938. There is no increase of disability previously determined. The co-respondent, Hardware Mutual Casualty Company is estopped from denying any liability herein, which may be imposed upon this respondent, for the rea-

son that it voluntarily entered into and prosecuted the entire investigation and defense of the issues herein until there was an adjudication of liability against this respondent at the hearings terminated on April 17, 1937."

**9.** The second amended petition of the employee came on for trial, and during it Hymen Siegendorf, Esquire, counsel for the defendants made the following statement: "May I make a statement, if the Court please, in so far as my clients' interests are concerned? I would like to state for the purpose of the record that I feel obligated to resist the case of the petitioner in so far as the respondent-employer is concerned, but at the same time, I don't want to appear as though I am waiving any of the rights of the respondent-employer as they existed prior to the time of trial. I feel we should do everything in our power at this time, in order to effectuate a dismissal of the petition as it exists now."

**10.** The case proceeded to trial and the petition was dismissed against the defendants and the Hardware Mutual Casualty Company on the grounds, respectively, that Max Landau had failed to establish any increased disability and that the accident happened prior to the effective date of the insurance policy.

### Discussion.

■ The employee, Max Landau, was injured on October 14, 1935, by an accident arising out of and in the course of his employment. There was an obligation on the part of the employers to pay compensation to him.[1] They did not have insurance effective[2] on the date the accident happened, and Hardware Mutual Casualty Company, their insurance carrier from October 29, 1935, to October 29, 1936, was under no obligation to pay the amount of money awarded by the Workmen's Compensation Bureau of the State of New Jersey. When the insurance carrier paid this award to Max Landau it was a volunteer.[3] Its present action to recover from the employers the payments made to Max Landau cannot be successfully prosecuted unless we find said employers ratified these payments.

---

[1] 34:15–1 et seq., R.S.N.J.1937, N.J. S.A. 34:15–1 et seq.

[2] 34:15–70 et seq., R.S.N.J.1937, N.J. S.A. 34:15–70 et seq.

[3] Koewing v. Town of West Orange, Err. & App., 89 N.J.L. 539, 99 A. 203; Loesser Mfg. Co. v. Julius Schmid, Inc., Err. & App., 100 N.J.L. 123, 125 A. 30; Sutton v. Metropolitan Casualty Ins. Co. of New York, 117 N.J.L. 21, 186 A. 465.

246

"Ratification is the affirmance by a person of a prior act which did not bind him, but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him."[4] It may be implied from acts, words or conduct on the part of the principal, which reasonably tend to show an intention to affirm the unauthorized acts or transactions of the agent.[5] Before the employers can be charged with ratification of the payments made by the insurance carrier, they had to have knowledge of them.[6] They received this knowledge from the plaintiff.[7] "While the petition for compensation for augmented disability is of necessity predicated on the original judgment, it initiates what is essentially a new proceeding based on a new factual situation."[8] The defendants in their answer to Max Landau's second amended petition, which seeks augmented disability, set forth as their defense that all the questions of accident, notice, jurisdiction, wages, disability and liability had been determined in the first action. By utilizing this defense, the defendants were in effect, saying that the case already had been adjudicated and that full payment had been made to Max Landau for his injury. In employing this defense for their own benefit, the defendants were affirming the judgment and the payments made by the plaintiff.[9] Where a principal with knowledge of the facts, sets up a defense against the person with whom the agent dealt, which defense is based on the original transaction, the principal shows his affirmance of it.[10] The payments having been ratified[11] by the defendants, the plaintiff is entitled to judgment.[12]

Conclusions of Law.

Although the plaintiff was a volunteer when it made the payments which it now seeks to recover, the defendants ratified them in their answer to the employee's second petition, and the plaintiff is entitled to judgment therefor.

---

[4] Goldfarb v. Reicher, 112 N.J.L. 413, 171 A. 149, 151, affirmed, Err. & App., 113 N.J.L. 399, 174 A. 507; Restatement of Law on Agency, Chap. 4, Section 82, page 197.

[5] Ratajczak v. Board of Education of Perth Amboy, 114 N.J.L. 577, 177 A. 880, affirmed, Err. & App., 116 N.J.L. 162, 183 A. 214.

[6] Frank v. Board of Education of Jersey City, Err. & App., 90 N.J.L. 273, 100 A. 211, L.R.A.1917D, 206; Feist & Feist, Inc. v. A. & A. Realty Co., Err. & App., 105 N.J.L. 461, 145 A. 478.

[7] Statement of Facts.

[8] Tucker v. Frank J. Beltramo, Inc.,

117 N.J.L. 72 at 80, 186 A. 821, at 825, affirmed, Err. & App., 118 N.J.L. 301, 192 A. 62.

[9] Agency, Restatement of the Law, Chap. 4, Section 97, Comment b and c, page 243; Jackson v. Pennsylvania R. Co., Err. & App., 66 N.J.L. 319, 49 A. 730, 55 L.R.A. 87; Maryland Casualty Co. v. Givens, 177 Ky. 131, 197 S.W. 497; Goodnow v. Stryker, 61 Iowa 261, 16 N.W. 486; cf. The Seguranca, 5 Cir., 250 F. 19.

[10] Footnote 8, supra.

[11] Footnote 4, supra.

[12] Maryland Casualty Co. v. Givens, supra; Goodnow v. Stryker, supra.