CAMDEN CITY DISTRICT COURT.

ELIZABETH J. VOGEL, PLAINTIFF, v. CHARLES A. LOTZ, DEFENDANT.

Decided August 6, 1948.

For the plaintiff, *Le Roy Cobbin* and *William H. Farr.*

For the defendant, *Walter S. Keown* and *Samuel P. Orlando.*

MARTINO, D. C. J.   The plaintiff instituted suit for the recovery of a fee paid to the defendant for services rendered by

him. The defendant was the district supervisor of the State Transfer Inheritance Tax Department of the State of New Jersey when he rendered the alleged services to the plaintiff. The plaintiff had met the defendant by prearrangement at a Camden bank where she had gone to examine with the defendant the contents of the safe deposit box of her late husband who died on February 2d, 1945. Following an examination of the contents of the safe deposit box, the defendant filled out an inheritance tax return for the plaintiff and advised her to go to the surrogate's office of Camden County so that she could qualify as administratrix of her husband's estate. He had also advised her that in order to arrange for the transfer of her husband's automobile it would be necessary for her to visit the Office of Price Administration.

Subsequently she visited the office of the defendant who advised her that she should have a will. The defendant did not draw the will in her presence and on her next visit to his office the will was ready for execution. On the day that she executed the will the defendant told her that his fee was $100 for services rendered. The plaintiff never questioned the amount of the fee nor offered any objections to the payment of same. It appears from the testimony that the defendant's right to payment was challenged only after she had talked with her attorney a few months after she had given the defendant a check. She admitted on cross-examination that she "Didn't know or suspect that anything was wrong," and she admitted on cross-examination that she was perfectly satisfied to pay the $100.

The plaintiff maintains that the defendant was not entitled to any payment since any work he did toward preparing the inheritance tax return was in connection with his duties as inheritance tax supervisor and to receive payment for these services would be contrary to R. S. 54:34–8; N. J. S. A. 54:34–8. This statute makes it a misdemeanor for an appraiser to take a fee or reward either directly or indirectly from an executor or administrator or any other person liable to pay a tax or any portion thereof. It further provides that the State Tax Commissioner shall immediately dismiss the appraiser so offending from his employment. Plaintiff further

maintains that since defendant was not an attorney-at-law his preparation of the will made him guilty of a violation of *R. S.* 2:111–3; *N. J. S. A.* 2:111–3, in that he was engaged in the practice of law.

If the defendant had sued the plaintiff to recover the value of the services he rendered such a claim might be repulsive to our statutes. The law seems to be settled that such an action might be considered against public policy. Since a case of this type is affected with a public interest our courts have been zealous in their efforts to protect that public interest. Our courts have already intimated that one who has unlawfully practiced law cannot recover compensation therefor. *Morris* v. *Muller,* 113 *N. J. L.* 46; 172 *Atl. Rep.* 63; *Gionti* v. *Crown Motor Freight Co.,* 128 *N. J. L.* 407; 26 *Atl. Rep.* (*2d*) 282.

On the other hand, the courts have been reluctant to permit the recovery of any payment which in the opinion of the court is voluntary. The law seems to be settled that where a person without mistaking the facts and without fraud or coercion pays a demand *which is unenforceable against him* (italics supplied) the payment is a voluntary payment and cannot be recovered back. *Camden* v. *Green,* 54 *N. J. L.* 591; 25 *Atl. Rep.* 357, 358; *Magna Manufacturing Co.* v. *Aetna Casualty Insurance Co.,* 129 *N. J. Eq.* 142; 18 *Atl. Rep.* (*2d*) 565.

In *McCrory Stores Corp.* v. *S. M. Braunstein,* 99 *N. J. L.* 166; 122 *Atl. Rep.* 814, where a tenant confronted with a demand for rent claimed by it to be in excess of that provided in the lease and being threatened with legal proceedings to enforce such a demand, paid the amount demanded and later brought suit to recover back the alleged excess the payment was declared voluntary and a verdict for the defendant was rightly directed. Our highest court significantly stated:

"In the case at bar the landlord's claim was either legal or illegal. If legal, plaintiffs were, of course, bound to pay it. If illegal, they were entitled to resist it in a judicial proceeding."

Where the payer has an alternative course consistent with a denial of the validity and enforceability of the claim, the

payment is regarded in law as voluntary and is therefore not recoverable. *Sutton* v. *Metropolitan Casualty Insurance Company of New York,* 117 *N. J. L.* 21; 186 *Atl. Rep.* 465.

The payment sought to be recovered was certainly free from the taint of duress or other compulsion as a reading of the testimony will clearly indicate. Duress is aptly defined in *Koewing* v. *Town of West Orange,* 89 *N. J. L.* 539; 99 *Atl. Rep.* 203, as follows:

"The duress for which a person may avoid any contract or conveyance made, or recover back any money paid under its influence, exists where one by the unlawful act of the beneficiary or his authorized agent, or by the act of some person with his knowledge, is constrained under circumstances which deprive him of the exercise of free will to agree or to perform, the act sought to be avoided."

It is a well settled and a universally recognized general rule that money voluntarily paid under a claim of right where the payer feels an obligation to pay for some services rendered even though a suit for the services might not avail the payee any recovery, the person making the payment or affected by it cannot recover it back on the ground that the asserted claim was invalid or unenforceable.

Therefore a verdict in favor of the defendant of no cause for action shall be entered.